**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 17-y-62-REB

In the matter of

TODD COVEY EMERSON,

     Attorney.

---

**ORDER TO SHOW CAUSE**

---

**Blackburn, J.**

     This matter is before the court *sua sponte.*

     The name alleged contemnor in this case, Todd Covey Emerson, appeared as counsel for defendant in the trial of ***Hayes v. SkyWest Airlines, Inc.***, Civil Action No. 15-cv-02015-REB-NYW, which came before this court for trial by jury from September 18-25, 2017.  On September 25, the jury returned verdicts in favor of plaintiff, John Hayes, on his claims under the Americans With Disabilities Act and the Family and Medical Leave Act and awarded substantial damages.

     After receiving the verdicts and polling the jurors individually to confirm the unanimity and validity of the verdicts, the court gave them its standard advisement regarding post-trial contact with the parties and their counsel in the case:

> You have now completed and discharged your duties as jurors in this case and are discharged with the thanks of this Court.
>
> The question may arise, may you discuss this case, the trial, the parties, the evidence, or your service, and, if so, with whom.

> For your guidance, I instruct you as follows:
>
> That under the local civil rules of this United States District Court neither the parties, their representative, nor their attorneys may approach you to discuss any of those matters.
>
> However, for your part and from your perspective, you may say as much or as little about those matters as you choose and with whomever you choose.
>
> However, if someone persists in discussing those matters with you over your objection, or if they become critical of your service as a juror in the trial of this case, please report such a circumstance directly to me.[1]

Mr. Emerson was present in court has this advisement was given to the jury. The court then dismissed the jury at approximately 10:59 a.m.

Little more than one hour later, the courtroom deputy informed the court that a sitting juror, Ms. Cindy Ziegler, reported that Mr. Emerson had just approached her outside the courthouse while she was waiting for her husband to come pick her up following the conclusion of the trial. Although Ms. Ziegler was speaking to her husband on the phone at the time, Mr. Emerson, without solicitation or invitation, express or implied, interrupted her, introduced himself, and handed her a note (*see* [# 140], filed September 25, 2017). According to Ms. Ziegler, whose sworn testimony the court took in open court on the record beginning at approximately 12:18 p.m. on September 25, 2017, Mr. Emerson said:

> this is a note I want to give to you. I would like you to talk to me about – he – basically, he said what we did well, what we could do better, and he said that he didn't think they should have lost the case and he couldn't figure out why they did,

---

[1] This language is taken from the unofficial transcript of the proceedings, which is available to the court. It also is part of the script which the court relies at the conclusion of every trial.

2

> and he wanted my opinions, but I didn't have to.  He did say I
> didn't have to do it.  It was totally up to me.

When Ms. Ziegler reminded Mr. Emerson of this court's admonition about contact with the parties, she testified he told her it was "perfectly legal" for him to speak to her, although she did not have to do so.  In parting, Mr. Emerson thanked Ms. Ziegler and asked her to let any other jurors with whom she might be in contact know that he would like to speak to them as well.  Ms. Ziegler testified that she felt "very uncomfortable" with Mr. Emerson's request and had "no intention" of talking to him, although she did not tell him as much.

It therefore is charged and alleged that after trial on September 25, 2017, Todd Covey Emerson, the alleged contemnor, initiated unsolicited and unwanted contact with a juror, Ms. Cindy Ziegler, in alleged contumacious violation of D.C.COLO.LCivR 47.2[2] and of the lawful orders of the court known to the alleged contemnor and within his power and ability to perform enjoining and prohibiting contact and communication initiated by a party or attorney with a juror.  He is further charged with alleged contumacious violation of the implicit directive contained within these same lawful orders of the court to eschew criticism of a juror's verdicts or service in the case.

A district court has the inherent power to enforce its orders through contempt. "Courts independently must be vested with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution."

---

[2] D.C.COLO.LCivR 47.2 COMMUNICATION WITH JURORS provides as follows: A party or attorney shall not communicate with, or cause another to communicate with, a juror or prospective juror before, during, or after a trial without order of the judicial officer to whom the case is assigned.

***United Mine Workers of America v. Bagwell***, 512 U.S. 821, 831 (1994). This authority is now codified at 18 U.S.C. § 401, which provides, in relevant part, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(a)(3).

Contempt proceedings are either civil or criminal in nature, and the difference between the two types of contempt turns on the character and purpose of the sanction involved. ***Bagwell***, 512 U.S. at 827-28. If the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil. *See* ***Colombo v. New York***, 405 U.S. 9, 10-11 (1972); ***United States v. Haggerty***, 528 F.Supp. 1286, 1296 (D. Colo. 1981). When the penalty is fixed and there is no possibility of purging the contempt by compliance, the contempt is criminal. *See* ***Shillitani v. United States***, 384 U.S. 364, 370 (1966).

Because the sanction contemplated in these circumstances involves punishing Mr. Emerson for actions that have already occurred and seeks to vindicate the dignity and authority of the court, it is criminal in nature. ***Bagwell***, 512 U.S. at 828-29; ***Local 28 of Sheet Metal Workers' International Association v. E.E.O.C.***, 478 U.S. 421, 443 (1986); ***In re Lucre Management Group, LLC***, 365 F.3d 874, 876 (10th Cir. 2004). "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." ***Bagwell***, 512 U.S. at 826 (citations and internal quotation marks omitted). Accordingly, "criminal contempt sanctions are entitled to full

criminal process." *Id.* at 833.  This includes the right to counsel and proof beyond a reasonable doubt.  *Id.* at 834.  **See also United States v. Peterson**, 456 F.2d 1135, 1139-40 (10th Cir. 1972).  If the prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also is entitled to a trial by jury.  **Bagwell**, 512 U.S. 826-27; **Taylor v. Hayes**, 418 U.S. 488, 495 (1974); **Federal Trade Commission v. Kuykendall**, 371 F.3d 745, 752 (10th Cir. 2004).

Under 18 U.S.C. § 401, the court is empowered "to punish by fine or imprisonment, or both" any contempt of court.  18 U.S.C. § 401(3) includes disobedience to the court's lawful order or command.  It appears to the court thatMr. Emerson's contact with a juror in the case, in flagrant disregard to this court's advisement that such attorney-initiated entreaties were strictly prohibited by the Local Rules, constitutes contempt under 18 U.S.C. § 401(3).

As contemplated by Fed. R. Crim. P. 42(a)(2), I find that the interests of justice do not require the appointment of a prosecuting attorney other than an attorney for the government.  However, if the government declines to appoint an attorney to prosecute this matter, I will appoint an attorney to prosecute the contempt.  **FED. R. CRIM. P.** 42(a)(2); *see also* **Mellott v. MSN Communications, Inc.**, 2011 WL 1597681 at *1 (D. Colo. Aug. 28, 2011).  Because the contempt does not involve disrespect toward or criticism of me personally, I find and conclude that I am not disqualified from presiding over the hearing or trial.  **FED. R. CRIM. P.** 42(a)(3).

I use this order to schedule an initial appearance and an advisement of rights.  As is his right, Mr. Emerson will be afforded a reasonable time to retain or request counsel and to prepare his defense.  **FED. R. CRIM. P.** 42(a)(1)(A) & (B).

**THEREFORE, IT IS ORDERED** as follows:

1. That Todd Covey Emerson shall appear in person at an initial appearance, advisement of rights hearing, and arraignment to be held on **November 9, 2017**, commencing at **9:00 a.m.** (MST), in courtroom A-1001 on the 10th floor of the Alfred A. Arraj United States Courthouse Annex at 901 19th St., Denver, Colorado 80294;

2. That an attorney from the Office of the United States Attorney for the District of Colorado shall be appointed to prosecute the criminal contempt contemplated by this Order;

3. That because the hearing and/or further proceedings may result in the imposition of a fine or imprisonment of Mr. Emerson, he may, if he chooses, retain an attorney to represent him at the hearing[3];

4. That if Mr. Emerson fails to appear in person at the hearing, the court shall issue a warrant for his arrest; and

5. That this **Order To Show Cause** shall be served electronically on Mr. Emerson.

Dated September 26, 2017, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[3] If Mr. Emerson is unable to afford an attorney, she may apply for representation without cost under the Criminal Justice Act, 18 U.S.C. § 3006A by contacting the clerk of the court well in advance of the hearing and completing the appropriate paperwork.